```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
In re:                                                             Case No. 17-01437-JJT
Randy k Schweiss                                                   Chapter 7
         Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-5        User: PRadginsk             Page 1 of 1         Date Rcvd: Jan 31, 2018
                            Form ID: 318                Total Noticed: 9
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 02, 2018.
```
db          +Randy k Schweiss,    164 Valley View Dr,   Hunlock Creek, PA 18621-3417
intp        +Alex W Wilson,    PO Box 71,   Luzerne, PA 18709-0071
4907001     +ALEX WILSON D/B/A/ Wilson Judgment,    po Box 71,   Luzerne, PA 18709-0071
4907003      CAROL ROTH,   299 RICHARD ST,    Kingston, PA 18704
4907004     +ENHANCED RECOVERY CO,    PO BOX 57547,   Jacksonville, FL 32241-7547
4907005     +JOSEPH AND CHERISE POKORNY,    18 MARABEE AVE,   Dallas, PA 18612-1322
4907007     +WILLIAM ROTH,   298 RICHARD ST,    Kingston, PA 18704-2723
4907008     +WILSON JUDGMENT RECOVERY,    PO BOX 71,   Luzerne, PA 18709-0071
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4907006     +EDI: RESURGENT.COM Jan 31 2018 18:53:00     LVNV FUNDING,   PO BOX 10497,
              Greenville, SC 29603-0497
                                                                                              TOTAL: 1

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4907002      BUREAU OF ACCOUNT MANAGEMENT
                                                                                    TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 02, 2018                                    Signature:  /s/Joseph Speetjens

___

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 31, 2018 at the address(es) listed below:
```
              Carol Weiss Baltimore    on behalf of Debtor 1 Randy k Schweiss bandicot6@aol.com
              Carol Weiss Baltimore    on behalf of Defendant Randy k Schweiss bandicot6@aol.com
              James Warmbrodt    on behalf of Creditor    Wilmington Savings Fund Society, FSB, as trustee of
               Stanwich Mortgage Loan Trust A bkgroup@kmllawgroup.com
              Jill M. Spott    on behalf of Trustee Robert P. Sheils, Jr (Trustee) jspottesq@sheilslaw.com,
               psheldon@sheilslaw.com
              Jill M. Spott    on behalf of Plaintiff Robert P. Sheils, Jr (Trustee) jspottesq@sheilslaw.com,
               psheldon@sheilslaw.com
              Robert P. Sheils, Jr (Trustee)    rsheils@sheilslaw.com,
               rmcdonald@sheilslaw.com;PA41@ecfcbis.com;psheldon@sheilslaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 7
```

| | | |
|---|---|---|
| **Information to identify the case:** | | |
| Debtor 1 | **Randy k Schweiss** | Social Security number or ITIN xxx–xx–9623 |
| | First Name   Middle Name   Last Name | EIN __–_____ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN ____ |
| | | EIN __–_____ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | |
| Case number:   **5:17–bk–01437–JJT** | | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Randy k Schweiss

**By the court:**

January 31, 2018

Honorable John J. Thomas
United States Bankruptcy Judge

By: PRadginsk, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318   **Order of Discharge**   page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**